560 A.2d 44

**Leo V. BRASHIER**

v.

**Betty S. BRASHIER.**

**No. 1728, Sept. Term, 1988.**

Court of Special Appeals of Maryland.

July 3, 1989.

William E. Brooke, Greenbelt, for appellant.

Cheryl Lynn Hepfer, Upper Marlboro, for appellee.

Argued before WILNER, BISHOP and GARRITY, JJ.

BISHOP, Judge.

Leo V. Brashier appeals from an order of the Circuit Court for Prince George's County (Hon. Graydon A. McKee III) affirming an award by the Master for Domestic Relations Causes of indefinite alimony to appellee, Betty S. Brashier.

## FACTS

The parties were married in July of 1970; it was Mrs. Brashier's second marriage and Mr. Brashier's third. During the previous year, 1969, Mrs. Brashier began to develop a nervous condition which stemmed from severe anxiety, depression and agoraphobia. She received treatment from various psychiatrists and mental health professionals for her condition. Because of her illness, in 1972 Mrs. Brashier retired from her job of eleven and a half years with the Federal government as a contract specialist. Thereafter,

the parties' marriage began to deteriorate, and this discord exacerbated Mrs. Brashier's nervous condition. She was hospitalized in 1983 and again in 1984. During that time Mrs. Brashier brought suit for support and maintenance on the grounds of desertion and adultery. In an amended supplemental bill of complaint, she sought an absolute divorce, and an award of alimony for an indefinite period. Mr. Brashier filed a supplemental cross-bill of complaint for absolute divorce in order to take advantage of a change in law which reduced the requisite period of separation for no-fault divorce. *See* Md. Family Law Code Ann. § 7–103 (1984 Repl. Vol.).

Following a trial, Judge Arthur M. Ahalt of the Circuit Court for Prince George's County made *inter alia* the following findings of fact and conclusions of law:

Alimony

(a) The Plaintiff [Mrs. Brashier] is capable of being self-supporting.

(c) Considering the eleven factors set forth in § 11–106 of the Family Law Volume of the Maryland Annotated Code the Court is unpersuaded by the preponderance of the evidence that: (1) due to age, illness, infirmity or disability, the Plaintiff cannot reasonably be expected to make substantial progress toward becoming self-supporting; or (2) the respective standards of living of the parties will be unconscionably disparate.

(d) The Court, however, is persuaded that limited alimony is justified for a period of three years at $300.00 per month.

(e) The Court has taken into special consideration the money which the Defendant acquired from the sale of his prior marital home and which the Plaintiff spent after the parties separation, apparently for living expenses, in determining the issue of alimony.

Attorneys Fees

The Plaintiff because of the Defendant's [Mr. Brashier] greater economic ability is entitled to an award of attorney fees. Plaintiff's attorney has submitted a bill for

attorney's fees of $25,312.50. This shocks the conscience of the court and is unreasonable and unnecessary. The issues in this case were uncomplicated and straight forward. It is difficult to believe that more than 50 hours of attorney time was necessary for the proper presentation of the case. To suggest the expenditure of over 200 hours amounts to overeaching [sic]. Accordingly, $5,000.00 in attorney fees will be awarded the Plaintiff plus $1,200.00 in expenses.

In accordance with this Court's Findings of Fact and Conclusions of Law, it is this 21st day of March, 1985, by the Circuit Court for Prince George's County, Maryland,

ORDERED, that the Defendant pay to the Plaintiff alimony until either party dies or the Plaintiff remarries in the amount of $300.00 per month for a three year period beginning April 1, 1985 and it is further

ORDERED, that since the Defendant is title owner of 7219 Easy Street, that the Plaintiff vacate the property on or before May 1, 1985, and it is further

ORDERED, that Judgment be and the same is entered in favor of the Plaintiff and against the Defendant as a marital award in the amount of $31,000.00, and it is further

ORDERED, that the Plaintiff be awarded $5,000.00 as attorney fees and $1,200.00 in expenses.

Judge Ahalt's decision was upheld in an *en banc* appeal to the circuit court. In February of 1988, Mrs. Brashier filed a Petition for Modification to increase and extend her alimony payments, and to have Mr. Brashier furnish health insurance coverage as well. The petition was heard by the Master of Domestic Relations Causes on June 1, 1988.

Mrs. Brashier testified that there had been no change in her depressive condition since the divorce. She alleged that this condition had prevented her from becoming gainfully employed. Another reason she gave for her continued unemployment was that she had not found a job providing the extensive psychiatric and mental illness health insurance coverage that her treatment required. Upon her di-

vorce, she lost her Champus health insurance which she had held by virtue of her husband's past military service. She described the symptoms of her illness as hand shaking, anxiety attacks, spastic colon, skin rashes and suicidal tendencies.

Dr. Giller corroborated Mrs. Brashier's testimony that her condition had not changed since the divorce. He testified that her depression was related to external stress factors such as the outcome of the divorce property settlement, and an ongoing fee dispute Mrs. Brashier was having with her former attorney. Dr. Giller stated that the removal of these external stress factors would increase Mrs. Brashier's chances of improvement. He did not, however, believe that she was functioning at a level that would have allowed her to perform adequately in an employment situation. He stated "she's probably putting forth a maximum effort just to maintain her usual activities of daily life, and ... has not seemed to be able to do much more than that."

Following the hearing, the master found that Mrs. Brashier's condition had not changed and was due to psychiatric disability. The master recommended modification of the divorce order so that Mrs. Brashier could receive indefinite alimony of $300 per month and $1,000 more in legal fees and expenses. The circuit court adopted these recommendations and denied Mr. Brashier's exceptions. Mr. Brashier noted a timely appeal.

## ISSUE

Whether the trial court erred in modifying its judgment of absolute divorce and awarding Mrs. Brashier indefinite alimony.

## THE MODIFICATION

The master's recommendation that the original order be modified and that Mrs. Brashier receive indefinite alimony was based on the following provisions of the Family Law Article (1984 Repl. Vol.):

§ 11–106. **Same—Determination of amount and duration.**

(c) *Award for indefinite period.*—The court may award alimony for an indefinite period, if the court finds that:

(1) due to age, illness, infirmity, or disability, the party seeking alimony cannot reasonably be expected to make substantial progress toward becoming self-supporting; or

(2) even after the party seeking alimony will have made as much progress toward becoming self-supporting as can reasonably be expected, the respective standards of living of the parties will be unconscionably disparate.

§ 11–107. **Extension of period; modification of amount.**

(a) *Extension of period.*—Subject to § 8–103 [1] of this article, the court may extend the period for which alimony is awarded, if:

(1) circumstances arise during the period that would lead to a harsh and inequitable result without an extension; and

(2) the recipient petitions for an extension during the period.

(b) *Modification of amount.*—Subject to § 8–103 of this article and on the petition of either party, the court may modify the amount of alimony awarded as circumstances and justice require.

(footnote added).

Pursuant to § 11–107, the master found as follows:

(7) [T]he plaintiff's situation has in fact deteriorated since the Judgment of divorce in that she no longer has adequate health insurance and as such has been unable to continue the counseling and treatment which she received during the marriage. In some areas, she has improved. Previously suffering from agoraphobia, the plaintiff is now able to travel and enjoy certain social and athletic

---

1. Section 8–103 provides exceptions to the court's power under § 11–107 to extend or modify alimony payments where there is either an express waiver of alimony or a stipulation against extending or modifying alimony.

activities such as bowling.... [B]y and large, the majority of the mental and medical problems of the plaintiff existed at the time of the divorce.... However, at this time she has not been rehabilitated and her lack of rehabilitation is due to a psychiatric disability.... [F]rom a review of the extensive records in this case, as well as the testimony submitted before her, the Court awarded rehabilitative alimony to the plaintiff with the hope and expectation that after the divorce Mrs. Brashier's condition would improve and she could become self-supporting. Unfortunately, that has not happened. At the present time, the plaintiff continues to be disabled by a physical condition and remains in need of financial assistance from the defendant.... [T]he plaintiff's inability to become self-supporting is sufficient under Family Law Article 11–107(a) to extend alimony.

(9) In considering whether to recommend an extension of rehabilitative alimony or an award of indefinite alimony at this time, [there is] little hope or reason to expect a substantial improvement for Mrs. Brashier.... Her psychiatric problems while exasperated due to her marital discord, existed prior to the separation and have continued well past the conclusion of the divorce proceeding. An award of alimony in this case was not intended to provide financial assistance while the plaintiff obtained education or job experience for she already had both. The alimony is provided to supplement the professional treatment. Given the history of the plaintiff's psychiatric problems, the Master cannot ascertain a number of years after which we can reasonably expect the plaintiff will be self-sufficient.... [The defendant] has substantial assets and is in a considerably more secure financial position. [A]n award of indefinite alimony [is] reasonable under the circumstances and will not preclude the defendant from petitioning for modification if he feels that either the plaintiff's financial situation has improved or his own financial resources have declined.

(10) [T]he plaintiff's present expenses were anticipated at the time of the divorce. Her increased costs for

housing and medical expenses were predicated upon the granting of the divorce and distribution of marital property which terminated her military health benefits and required her to leave the family home. [A]n award of $300.00 per month in alimony as previously awarded by this Court should continue.

(11) The plaintiff testified that she has incurred $3,000.00 of attorney's fees for this proceeding, none of which has been paid to date.... Based upon the parties respective financial status, the reasonableness of this petition and the needs of the plaintiff, the defendant should contribute toward the plaintiff's legal costs.

Thus, in making her recommendation, the master focused upon Mrs. Brashier's persistent psychiatric disability, the disparity between the parties' financial resources, and the increasing housing and medical expenses Mrs. Brashier had incurred since the divorce due to her inability to become self-sufficient and her loss of insurance benefits and housing. While acknowledging that Mrs. Brashier's increased expenses were anticipated at the time of her divorce, and that most of her mental and physical problems existed at the time, the master found significant Mrs. Brashier's lack of improvement since the divorce. That fact is critical considering that the trial court's previous award of temporary alimony to Mrs. Brashier was made with the expectation that she would improve. Had that been the case, Mrs. Brashier might have become self-sufficient. Unfortunately, that circumstance never occurred.

We therefore reject Mr. Brashier's contention that since the evidence presented at the modification hearing was, as the master conceded "much the same" as that presented at the divorce trial, there was no change justifying an extension of alimony payments to Mrs. Brashier. The "change" involved here is one of expectation concerning Mrs. Brashier's prognosis for recovery. Notwithstanding that most of the adverse conditions noted by the master either existed at the time of the divorce or were then anticipated, Mrs.

Brashier's continued inability to alleviate these conditions was not anticipated.

We have held that an extension of or increase in alimony may be justified by evidence of a party's continued disability. In *Benkin v. Benkin,* 71 Md.App. 191, 524 A.2d 789 (1987) we vacated an award of temporary alimony and remanded to allow the trial court to consider extending or increasing the alimony payments. Among the factors we directed that court to consider were the wife's arthritis which she had at the time she was originally awarded alimony, but which grew progressively worse as the payments were made, and the likelihood that her condition would prevent her from earning a sufficient income. The Court of Appeals has said many times that the factors to be considered in reviewing an award of alimony include "the husband's wealth, and earning capacity, the station in life of the parties, their physical condition and ability to work, the circumstances leading up to the divorce, and the fault that destroyed the home." *Brodak v. Brodak,* 294 Md. 10, 28, 447 A.2d 847 (1982). We find no abuse of discretion in the trial court's grant of indefinite alimony in view of Mrs. Brashier's continued psychiatric disability and the hindrance it has been in her effort to become self-sufficient.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.